UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-402-H

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.

REAL PROPERTY LOCATED
AT OR NEAR 3902 VANTAGE PLACE                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, United States of America, has moved for entry of a default judgment and final order of forfeiture pursuant to Fed.R.Civ.P. 55, against Cecilia Ann Sanders and any and all other potential claimants to the subject property. After the United States moved for default judgment, Cecilia Sanders filed a response opposing the motion.

The United States originally filed a verified complaint for forfeiture in rem against the property located at 3902 Vantage Place, Louisville, Kentucky. The complaint alleged that Cecilia and LaJuan Sanders grew marijuana on the property and were subsequently convicted of related offenses. Consequently, the subject property was forfeitable to the United States under 21 U.S.C. § 881(a)(7). The United States obtained service of process upon various persons including Ms. Sanders. After Ms. Sanders answered the complaint, the United States moved to strike based on her failure to file the required verified statement of interest. Ms. Sanders did not respond to that motion and the Court granted the United States' motion to strike on December 14, 2006.

Ms. Sanders now says that she does have an interest in the subject property, that the United States would not be prejudiced by allowing her to assert that interest, that she does have meritorious defenses to the forfeiture and that her conduct was not so culpable that default should be allowed. The Court finds that none of these arguments nor any others are sufficient to justify denial of the default judgment.

Ms. Sanders failed to properly answer or otherwise oppose the original verified complaint. The United States moved to strike her original answer as procedurally defective. She failed to respond. Consequently, the record reflects a failure to answer.

In order to prevail in the civil forfeiture case, Ms. Sanders must establish that she was an innocent owner. 18 U.S.C. § 983(d). The pleadings reveal that she cannot establish that defense. Indeed, her state felony conviction for cultivating marijuana in her home not only establishes that she was not an innocent owner, but affirmatively establishes that she was guilty of the crime itself. Under these circumstances she is collaterally estopped from asserting any innocent owner defense. *See United States v. Beaty*, 245 F.3d 617, 624-25 (6th Cir. 1999).

Ms. Sanders also argues that the forfeiture should be denied due to the Excessive Fines Clause of the United States Constitution. The United States has submitted many cases demonstrating that the Excessive Fines Clause does not apply in these circumstances. On the other hand, Ms. Sanders has presented no facts suggesting any likelihood of success on this defense.

For all these reasons, the Court will sustain the motion of the United States for default judgment and final order of forfeiture.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record